O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CITY OF LOS ANGELES, | ) | Case No. CV 11-06995 DDP (PLAx) |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM** |
| v. | ) | |
| AT&T MOBILITY LLC, a Delaware limited liability company, | ) | |
| | ) | [Dkt. No. 17] |
| Defendants. | ) | |

Presently before the court is Plaintiff City of Los Angeles' ("the City") Motion to Dismiss Counterclaim. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I. Background[1]**

In July 2002, the City audited Defendant AT&T Mobility ("AT&T")'s tax liability and issued a levy (the "First Assessment") for unpaid telecommunications users tax ("user tax"). The audit report indicated that AT&T could file for administrative review of

---

[1] Unless otherwise noted, these facts are drawn from the Declaration of Jesse Jaregui. As discussed below, these facts, submitted for the first time in AT&T's opposition to the instant motion, may not be considered in determining whether to grant the City's motion.

the assessment in accordance with Los Angeles Municipal Code Section 21.16.  AT&T filed its appeal within the fifteen-day period.  In August 2002, while the appeal was pending, AT&T submitted approximately $1.1 million in unpaid user taxes to the city, under protest.  (Counterclaim ¶ 10)  AT&T did not, however, file a claim for a refund of the $1.1 million payment.

The City's assessment officer denied AT&T's challenge in November 2003.  AT&T appealed the decision to the City's Board of review.  During the pendency of the appeal, the City issued a second audit assessment (the "Second Assessment"), seeking additional unpaid user taxes for a different time period.  In October 2004, the City granted AT&T's request to consolidate AT&T's appeals of the two assessments.  In June 2005, the City issued a third assessment for unpaid user taxes (the "Third Assessment").  In June 2006, the City granted AT&T's request to consolidate the appeals of all three assessments.  AT&T did not pay the Second or Third Assessments.

The City denied AT&T's appeal on July 9, 2008.  The parties entered into settlement discussions in September 2008.  In July 2011, the City filed the instant suit in Los Angeles County Superior Court, seeking over $4.9 million in unpaid user taxes.  AT&T removed to this court and, on September 7, 2011 filed an Answer and Counterclaim, seeking a refund of the $1.1 million paid toward the First Assessment.  The City now moves to dismiss the Counterclaim.

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

**III. Discussion**

As an initial matter, the court notes that the three-page counterclaim, though it attempts to incorporate portions of AT&T's

3

answer, is largely devoid of facts. In determining whether to dismiss the counterclaim, this court may not look beyond the pleadings. <u>Broam v. Bogan</u>, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). The court may consider new facts raised for the first time in AT&T's opposition in determining whether to grant leave to amend.[2] <u>Id.</u>

    The City argues that AT&T's Counterclaim must be dismissed because it fails to allege compliance with applicable claim presentation requirements and because the claim is barred by the statute of limitations. (Motion at 3).

    The parties agree that AT&T was required to present its refund claim within one year of the accrual of the cause of action.[3] Cal. Gov. Code Sec. 911.2. Under the California Government Code, a party must present a claim to a public entity by delivering or mailing the claim to the entity's clerk, auditor, secretary, or governing body. Cal. Gov. Code Sec. 915(a). Claims that are actually received by a local entity's clerk, auditor, or secretary are considered to have been adequately presented. Cal. Gov. Code Sec. 915(e). The Counterclaim, however, merely alleges that AT&T "exhausted its administrative remedies." Similarly, the Answer only states that AT&T "appealed the assessments to the Board of Review." (Answer P 8.) Nowhere does the complaint allege that the claim was

---

[2] The court notes that the pages of AT&T's opposition are not numbered, in violation of Central District of California Local Rule 11-3.3.

[3] The City maintains that Los Angeles Municipal Code Sections 21.07 and 21.1.12 apply to AT&T's refund claim. As the City recognizes, however, under both the Los Angeles Municipal Code and the California Government Code, the statute of limitations is one year. Accordingly, the court need not address whether the Los Angeles Municipal Code applies to the Counterclaim.

mailed or delivered to, or received by, any of the entities listed in California Government Code Section 915.

Nor does the Counterclaim establish the AT&T complied with the applicable statute of limitations.  The Counterclaim alleges that AT&T paid the First Assessment, under protest, in August 2002, and makes no other mention of any relevant dates.  (Counterclaim ¶ 10).  The Answer merely states that the City issued a final decision on July 9, 2008, and that AT&T made certain settlement requests in 2009.  (Answer ¶¶ 8-9).  Even assuming that AT&T did sufficiently present its claim, nothing in the Counterclaim indicates when AT&T did so, or establishes that the one-year statute of limitations was met or tolled.

Lastly, AT&T's argument that the City is equitably estopped from asserting the statute of limitations is not supported by the allegations of the Counterclaim.  A party seeking equitable estoppel against the government must plead "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, [] (4) detrimental reliance," and "affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest."  Estate of Amaro v. City of Oakland, 653 F.3d 808, 813 (9th Cir. 2011).  The Counterclaim fails to meet these requirements, as the Answer merely suggests that AT&T made certain settlement requests in 2009 and that the City "acknowledged the ongoing settlement process and ceased taking action."  (Answer ¶ 9).

Given the deficiencies of the Counterclaim, the City's motion to dismiss must be granted. AT&T's opposition, however, and the declarations submitted in support thereof, suggest that the City did have notice of AT&T's claim. (See Declaration of Jesse Jaregui; Opp. at Sec. III.C.2). The opposition also suggests that the City's conduct during the course of settlement negotiations warrant equitable estoppel. (Opp. at Sec. III.C.3). Accordingly, the court grants AT&T leave to amend. Theme Promotions, Inc. v. News America Marketing FSI, 546 F.3d 991, 1010 (9th Cir. 2008). (Courts liberally grant leave to amend where justice so requires, unless amendment would be futile).

**IV. Conclusion**

For the reasons stated above, Plaintiff's Motion to Dismiss Counterclaim is GRANTED, with leave to amend. Any amended counterclaim must be filed by January 27, 2012.

IT IS SO ORDERED.

Dated: January 20, 2012

DEAN D. PREGERSON
United States District Judge